**IN THE COURT OF APPEALS OF IOWA**

No. 16-0226
Filed June 7, 2017

**CLIFFORD JACKSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Alexander D. Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Clifford Jackson entered guilty pleas to two counts of second-degree robbery and one count of willful injury causing bodily injury. Jackson was sentenced to ten years incarceration on each of the robbery counts and five years in prison on the willful-injury count, to be served consecutively for a total term of twenty-five years. In addition, each robbery conviction carried with it a seventy-percent mandatory minimum. He appealed his conviction challenging the factual basis to support his guilty pleas, and this court affirmed. *See State v. Jackson*, No. 13-1469, 2014 WL 3511884, at *5 (Iowa Ct. App. July 16, 2014).

In March 2015, Jackson filed an application for postconviction relief, challenging his sentence as unconstitutional. The State filed a motion for summary judgment. The district court granted the State's motion in part, dismissing Jackson's claim that asserted the holding in *State v. Lyle*, 854 N.W.2d 378, 402 (Iowa 2014), should be extended to include individuals who are eighteen years old when the crime occurred. Jackson's second claim against his sentence—that it is cruel and unusual punishment because it is grossly disproportionate to his crimes—was reserved for trial. *See State v. Bruegger*, 773 N.W.2d 862, 884 (Iowa 2009) (recognizing an "as-applied" challenge to a criminal sentence under the Cruel and Unusual Punishment Clause); *see also State v. Oliver*, 812 N.W.2d 636, 639–40 (Iowa 2012) (noting the terminology has changed so that an "as-applied challenge" is now referred to as a "gross proportionality challenge"). After an evidentiary hearing on November 24, 2015, the district court rejected Jackson's gross proportionality challenge.

On appeal, Jackson first urges us to extend the supreme court holding in *Lyle*—that minimum terms of incarceration can be imposed on juvenile offenders only after an individualized sentencing hearing—to those, like himself, who were eighteen years old at the time of their offense. The supreme court made it clear in *Lyle* that "our holding today has no application to sentencing laws affecting adult offenders." 854 N.W.2d at 403. Jackson was an adult when he committed the crimes in question. "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

Second, Jackson challenges the district court's determination that his sentence does not meet the threshold test of the gross proportionality analysis. *See Oliver*, 812 N.W.2d at 647 (outlining the three-step analysis for a gross proportionality challenge including the threshold test). Jackson asserts his lack of a criminal history and his role as only an aider and abettor in the crimes leads to an inference that his twenty-five-year sentence, with a fourteen-year mandatory minimum, is grossly disproportionate to his crime.

At the guilty plea hearing, Jackson admitted:

[H]e set up a drug deal with Pugh [(the shooting victim)] and that he and a man named Marcus had both "pulled a weapon" on Pugh. Jackson stated his weapon was not loaded and Marcus was the person who shot Pugh. Jackson admitted he pulled his weapon on Pugh with the intent of "getting the drugs." Jackson further admitted in an attempt to escape from the scene, Marcus pointed a weapon at Crowell [(the owner of the vehicle used to escape)] "to give him his keys" to Crowell's vehicle. Jackson admitted he also used his weapon to scare Crowell into giving them the keys. Jackson stated he and Marcus got into Crowell's vehicle and Marcus drove them away.

*Jackson*, 2014 WL 3511884, at *2. In addressing Jackson's gross proportionality challenge, the district court noted:

Mr. Jackson points to his young age, lack of maturity, that he was still finishing high school at the time he committed the crimes, and that he was learning-disabled (Mr. Jackson was diagnosed with ADHD at some point) as the unique factors which created a high risk of gross disproportionality.

The court is not indifferent to Mr. Jackson's situation. He is clearly a young man who made a life-altering mistake influenced in part by his dependence on narcotics. Since Mr. Jackson's plea, he has taken responsibility for his role in the crimes, reflected upon his situation, and accepted accountability for his life for the sake of his family and himself. To that end, his behavior in prison has been good, he has shown remorse towards the victim, and he has expressed a desire to do something better with his life. The court is satisfied that Mr. Jackson's behavior, remorse, and goals are genuine.

Yet, in the final analysis, Mr. Jackson's mistake—his criminal activity—was extremely serious. Initially, he was charged with attempted murder. Two people were robbed at gunpoint, and a man was shot. The sentence Mr. Jackson received for his crimes is precisely the sentence the legislature prescribed as adequate. He has been treated comparably to similarly-situated adult offenders.

Case law firmly establishes that only the rarest of cases and circumstances yields a grossly disproportionate sentence. While Mr. Jackson's unique factors are unfortunate, they do not establish that rare situation where an inference of gross disproportionality is warranted. The court is satisfied that the severity of Mr. Jackson's sentence is proportionate to the gravity of his crimes.

Upon our de novo review of the record in light of the applicable law regarding a gross proportionality challenge, we agree with the district court's conclusion that the gravity of Jackson's crime is not disproportionate to his sentence. *See Oliver*, 812 N.W.2d at 639, 650–51 (articulating our de novo standard of review and the principles we are to consider in determining whether the threshold test of a gross proportionality challenge has been met). We affirm the district court's denial of Jackson's application for postconviction relief.

**AFFIRMED.**